IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CLIFTON ANDREWS** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:17-cv-0240** |
| | § | |
| **CHARLES JENKINS AND SWIFT** | § | |
| **TRANSPORTATION COMPANY** | § | **JURY REQUESTED** |

## DEFENDANT'S ORIGINAL ANSWER

COMES NOW Defendant, SWIFT TRANSPORTATION COMPANY, by its attorney, and for its Answer to Plaintiff's Original Petition and Requests for Disclosure state as follows:

### I. DISCOVERY LEVEL

1. State court averment is not applicable to federal court proceeding.

### II. REMOVAL FROM EXPEDITED TRIAL

2. State court averment is not applicable to federal court proceeding.

### III. PARTIES

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph under this section.

4. Defendant admits Charles Jenkins is a resident of the State of Louisiana.

5. Defendant admits to the averment in this paragraph.

### IV. JURISDICTION AND VENUE

6. State court averment is not applicable to federal court proceeding.

7. Defendant denies that state court is the proper jurisdiction as there is diversity of citizenship among the parties..

### IV. FACTS

8. Defendant admits that the incident occurred on the date and said location as stated in

this paragraph.  Defendant denies the remaining allegations in this paragraph.

## V.  CAUSES OF ACTION

### A.  NEGLIGENCE – CHARLES JENKINS

9. Defendant denies Jenkins was in the course and scope of his employment with Swift Transportation Company on this date. Defendant denies the remaining allegations in this paragraph.

   1. Defendant denies the allegation in this subparagraph.
   2. Defendant denies the allegation in this subparagraph.
   3. Defendant denies the allegation in this subparagraph.
   4. Defendant denies the allegation in this subparagraph.
   5. Defendant denies the allegation in this subparagraph.

10. Defendant denies Jenkins' acts or omissions were the proximate cause of the occurrence in question or Plaintiff's injuries and damages.

### B.  NEGLIGENT ENTRUSTMENT – SWIFT TRANSPORTATION

11. Defendant denies it is the owner of the vehicle driven by Defendant Jenkins. Defendant denies the remaining allegations in this paragraph.

### C.  RESPONDEAT SUPERIOR – DEFENDANT SWIFT TRANSPORTATION COMPANY

12. Defendant denies that Jenkins was in the course and scope of his employment with Swift Transportation Company on this date.  Further, Defendant denies Swift Transportation Company is vicariously liable for its driver's actions based on the doctrine of *respondeat superior*.

13. Defendant denies the allegations in this paragraph.

14. Defendant denies the allegations in this paragraph.

## VI.  DAMAGES

15. Defendant denies that any of the conduct or negligence allegedly committed by it

was the proximate cause of any injuries and damages suffered by Plaintiff. Further Defendant denies the relief requested in this paragraph and its subparts.

## VII.  REQUEST FOR DISCLOSURE

16. State court averment is not applicable to federal court proceeding.

## VIII.  INTENT TO USE DISCOVERY DOCUMENTS

17. State court averment is not applicable to federal court proceeding.

## IX.  U.S. LIFE TABLES

18. Defendant takes notice of Plaintiff's intent to use the U.S. Life Table.

## X.  JURY TRIAL

19. Defendant demands a trial by jury.

## VIII.  PRAYER/RELIEF

14. Defendant denies Plaintiff is entitled to the relief requested under this paragraph and all its subparts.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

15. Defendant says that Plaintiff has failed to properly mitigate his damages.

### SECOND AFFIRMATIVE DEFENSE

16. Defendant contends that to the extent that Plaintiff is asserting a recovery of loss of earnings, loss of earning capacity, or loss of contributions of a pecuniary value, the limitations of §18.091 of the Texas Civil Practice and Remedies Code apply.

### THIRD AFFIRMATIVE DEFENSE

17. Defendant contends that pursuant to § 41.0105 of the TEX. CIV. PRAC. & REM.

CODE, Plaintiff's recovery of medical or health care expense is limited to the amount actually paid or incurred by or on behalf of the claimant.

**FOURTH AFFIRMATIVE DEFENSE**

18. Defendant says on the occasion in question Plaintiff failed to exercise that degree of care which a person of ordinary care would have exercised in the same or similar circumstances by not keeping a proper lookout, timely applying his brakes or taking evasive action to avoid the collision in question, Such failure was the sole cause and/or proximate cause of the alleged injuries.

**FIFTH AFFIRMATIVE DEFENSE**

19. Defendant says Plaintiff's injuries and damages, in whole or in part, are due to pre-existing conditions.

**SIXTH AFFIRMATIVE DEFENSE**

20. Defendant pleads TEX. FIN. CODE § 304.003 with regard to the proper statutory computation of post-judgment interest. Pre-judgment interest rate is the same as the post-judgment interest rate pursuant to TEX. FIN. CODE § 304.103. Pursuant to TEX. FIN. CODE § 304.1045, pre-judgment interest is not recoverable on a finding, if any, of future damages found by the trier of fact.

**JURY DEMAND**

21. Defendant demands a jury trial.

**PRAYER**

WHEREFORE, Defendant prays that Plaintiff takes nothing by this suit against Defendant, and for such other and further relief, both general and special, at law and in equity, to which Defendant may be justly entitled.

        Respectfully submitted,

        /s/ Roger D. Oppenheim

        _____
        Roger D. Oppenheim
        FBN: 14206
        SBN: 15292400

OF COUNSEL:
**LORANCE & THOMPSON, P.C.**
2900 North Loop West, Suite 500
Houston, TX 77092
713/868-5560
713/864-4671 (fax)
rdo@lorancethompson.com
ATTORNEY FOR DEFENDANT
SWIFT TRANSPORTATION COMPANY

## CERTIFICATE OF SERVICE

On this 26th day of January, 2017, a true and correct copy of the foregoing instrument has been provided to all parties by e-filing and/or telefax transmission.

Mr. Paul Higdon
Higdon Lawyers
601 Sawyer, Ste. 210
Houston, TX 77007
e-filing: staff@higdonlawyers.com
paul@higdonlawyers.com

        /s/ Roger D. Oppenheim

        _____
        Roger D. Oppenheim